Martin, J.
The defendants were sued as endorsers of a promissory note. There was a judgment in favor of Lea, and against Davidson, who has appealed.
Our attention is drawn to a bill of exceptions to the admission in evidence of the proces-verbal of the notary of the demand and protest, with the evidence of notice, on the ground that there was no second copy of the note, and that the demand and protest, with notices, are not such as were contemplated by the act of the Legislature.
We are unable to understand on what ground a second copy of the note was requisite; and neither the appellant, nor the counsel, has assisted us in finding it out. The demand was made at the place where the note was payable, and notice is stated in the protest to have been given to the appellant, in print and writing, by putting such notice into the post office of the town where the protest was made, directed to him. at Springfield, parish of Livingston, Louisiania.
The District Judge did not err in overruling the objection.
On the merits, it has been contended, that there was no presentation of the note in due time and at the proper place ; that no notice was given to the payee and first endorser, and no sufficient one given to the defendant; and that there was an overcharge of interest.
The note bears date the 19th of November, 1840, and was payable twelve months after, or on the 19th of November, 1841. The third day of grace was the 22d, and the protest was made on that day, and at the place at which, on its face, the note was payable. It is urged, that it in no way appears that the notary presented the note to the cashier.* When the notary of a bank receives a note to be protested, he goes to the drawer and demands payment; if he is answered that it will not be paid, he *78 does not take it out of his pocket-book or out of the bundle which contains it, to present it, for that would be a vain ceremony. hex neminem cogit ad vana. The cashier having said that there were no funds to pay the note, no presentation was necessary.
The holder of a note must give notice to every one to whom he intends to resort. He need not give it to any other. If the first endorser was not notified by the Bank, it lost its recourse on him. If the second endorser, the present appellant, wished to recur to him as his own endorser, it was his duty to give notice. The Bank was not bound to do it for him.
The petition describes the appellant as a resident of the parish of Livingston. The answer ,does not deny this. The notice was directed' to him at Springfield, whieh is the place where the courts of the parish are holden, and where there is a post office. If there was another office within the parish or elsewhere, nearer to his residence, he should have shown it.
To the overcharge of interest, the principle of the common law, De. minimis non curat lex, or that of the Spanish law, ho poco por nada se reputa, is applicable. The fractions of a day are not noticed by law. The banks do not pay the proceeds of discounted notes, until the afternoon of the discount day, yet they charge the interest for the fore-part of the day, as well as for the latter part, during which only the person who obtains the discount possesses the money; yet no one would imagine that they ■are thereby chargeable with usury. This was a lapsus calami in the judgment, which would have been corrected below, had it been asked for ; and the defendant cannot be allowed, by delaying to complain till the case is brought to this court, to mulct the plaintiff in the costs of the appeal, especially as the counsel of the Bank is willing that the error shall be at any time corrected, and it does not exceed 80 cents.

Judgment affirmed.

 The notary certified in his protest, “ that he demanded payment of the note of the cashier” of the bank at which it was payable, at the bank, “ who answered that it could not be paid, there being no funds in bank for that purpose.”